IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DARRYL MORRIS,												PETITIONER

v.														No. 4:08CV29-P-S

STATE OF MISSISSIPPI, ET AL.										RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

**Facts and Procedural Posture**

The Petitioner, Darryl Morris, is in the custody of the Mississippi Department of Corrections and is currently housed at the Delta Correctional Facility in Greenwood, Mississippi. He was convicted of murder on July 21, 2005, in the Circuit Court of Washington County, Mississippi and sentenced to serve a term of life. State Court Record (SCR), Vol. 1, p. 50. Morris filed a motion for judgment *non obstante veredicto* ("JNOV") or in the alternative a new trial, which was denied by the circuit court on August 2, 2005. SCR, Vol.1, p. 55. He filed a notice of appeal on August 10, 2005. SCR, Vol. 3, p. 56.

Morris appealed his conviction and sentence in the Mississippi Supreme Court on August 9, 2006, assigning as error (as stated by counsel):

> **Issue 1.** Reversible error occurred when the state injected irrelevant, highly prejudicial evidence of a fight a couple of days before the alleged murder between Anthony Nash and his relatives on one hand and various members of the defendants family on the other when no connection between the defendant and such fight was shown.

**Issue 2.** The appellant, Darryl Morris, was denied due process and a fair trial when the trial court allowed the state, in rebuttal and over timely objection, to introduce evidence of a threat ("You get ready, your boys are dead.") made by the defendant's uncle while the defendant was not shown to be present or have any knowledge of such threat.

**Issue 3.** Clear error occurred with the admission of the jailhouse confession testimony of Annanais Miller whose testimony as based in large part on double hearsay and the state's closing argument about such testimony.

**Issue 4.** A violation of defendant's right to confront the witnesses against him under the sixth and fourteenth amendment to the U.S. Constitution as well as article three section 26 of the Mississippi Constitution of 1890 occurred and the trial court committed reversible error when it curtailed the cross-examination of Annanais Miller.

**Issue 5.** The cumulative effect of all errors which occurred at trial warrants a reversal of defendant's conviction.

The Mississippi Court of Appeals found no merit to these issues, and, on March 20, 2007, affirmed the judgment of the circuit court. *Morris v. State*, 963 So.2d 1170 (Miss. App. 2007), *reh'g denied* June 19, 2007 (Cause No. 2005-KA-02016-COA). Morris filed a petition for writ of certiorari in the Mississippi Supreme Court, which denied the petition September 6, 2007. *Morris v. State*, 964 So.2d 508 (Table) (Miss. 2007 (Cause No. 2005-CT-02016-COA)).

In the present federal Petition for Writ of Habeas Corpus, filed on March 10, 2008, Morris raises the following issues (as stated by the petitioner):

**Ground One:** The appellant, Darryl Morris, was denied due process and a fair trial when the trial court allowed the state, in rebuttal and over timely objection, to introduce evidence of a threat ("You get ready, your boys are dead.") made by the defendant's uncle while the defendant was not shown to be present or have any knowledge of such threat.

**Ground Two:** Clear error occurred with the admission of the jailhouse confession testimony of Annanais Miller whose testimony was based in large part on double hearsay and the state's closing argument about such testimony.

**Ground Three:** A violation of defendant's right to confront the witnesses against him under the sixth and fourteenth amendment to the U.S. Constitution as well as article three section 26 of the Mississippi Constitution of 1890 occurred and the trial court committed reversible error when it curtailed the cross-examination of Annanais Miller.

**Ground Four:** The cumulative effect of all errors which occurred at trial warrants a reversal of defendant's conviction.

## All Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all four grounds for relief on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

## Grounds One and Two: Admissibility of Testimony
## of Family Members and Fellow Inmate

In Grounds One and Two, Morris argues that the trial court erred in the admission of certain testimony, and that the testimony deprived him of a fair trial. The Mississippi Court of Appeals and Supreme Court found no merit to these issues. In Ground One, Morris complains of testimony concerning threats made by his family against the victim's family. The state's theory at trial was that the murder of Anthony Nash was the climax of a feud between Nash's family and Morris' family. Specifically, Morris argues against the admission of testimony from Michael Anthony Jackson (the victim's father) of an incident involving Morris' uncle, Gregory Earl Jackson (a.k.a. Beehaw). The victim's father testified (after a defense objection) that following a previous fight, the Petitioner's uncle said, "You get ready. Your boys are dead." SCR, Vol. 6, p. 639.

A claim challenging the state court's ruling on the admissibility of certain evidence under state law is precluded from review by this Court, because the rulings of state courts on evidentiary matters are solely issues of state law. "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994)). "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted); *see also Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999). The "erroneous admission of prejudicial testimony

does not justify habeas relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson v. Johnson,* 194 F.3d at 656.

The Mississippi Court of Appeals ruled on this issue, holding:

> We find that the testimony regarding the ongoing family feud, whether or not Morris was directly involved in each individual altercation, was relevant and was not so prejudicial as to constitute reversible error. Again, the standard of review for the admission or exclusion of evidence is abuse of discretion. *Yoste v. Wal-Mart Stores, Inc.,* 822 So.2d 935, 936 (Miss.2002). The trial court did not abuse its discretion in allowing the testimony regarding the fighting among the Nash and Jackson families since the testimony had the tendency of making the action more or less probable. See M.R.E. 401 & 402. Morris obviously knew of the ongoing feud and had participated in several altercations with members of the Nash family. Further, Rule 403 was not violated as the probative value of the testimony was not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403.

*Morris v. State,* 963 So.2d 1170, 1176-1177 (Miss. App. 2007). In addition, the Mississippi Court of Appeals held that sufficient evidence existed for the jury to find Morris guilty and that the "trial court did not abuse its discretion in allowing the testimony." *Id.* The court must give his holding by the state court deference under 28 U.S.C. § 2254. As such, Morris is not entitled to *habeas corpus* relief on his claim in Ground One because the evidence did not play a 'crucial, critical, and highly significant' role in the jury's determination. *See Jackson v. Johnson,* 194 F.3d at 656.

**Ground Two: Procedural Bar**

In Ground Two, Morris complains that admission of the testimony of Annanais Miller, one of Morris' fellow jailhouse residents, was clear error, and further that it should not have been mentioned in the state's closing argument. Miller testified that while he was in a neighboring jail cell to Morris, he overheard Morris telling another inmate that Morris had shot Anthony Nash.

SCR, Vol. 3, p. 296.  The defense made no objection to Miller's testimony.  Morris also complains about the prosecution's exaggeration during closing arguments regarding Miller's testimony: "he said he overheard him saying he caught him slipping at the Fox Store and he said that he had shot him in the head."  SCR, Vol. 6, p. 680.  Defense counsel did not object to the prosecution's statement.  The Mississippi Court of Appeals held that this issue was procedurally barred for the defense's failure to make a contemporaneous objection to Miller's testimony, or to the prosecutor's statement during closing arguments.

> Whether or not the statement made by Miller was hearsay, Morris made no hearsay objection to Miller's testimony and is now procedurally barred for failure to object. *Taconi v. State,* 912 So.2d 154, 157 (Miss. Ct. App. 2005).  Our only option on appeal is to find that the admission of the statement warrants reversal under the plain error doctrine.  When a defendant fails to make a contemporaneous objection, the defendant "must rely on plain error to raise the assignment on appeal." *Jackson v. State,* 924 So.2d 531, 542 (Miss. Ct. App. 2005).  We cannot find that the admission of Miller's testimony amounts to plain error.  The jury had sufficient evidence, such as the testimony from the two eyewitnesses, to find Morris guilty even without Miller's testimony.  Further, given Miller's previous convictions and outbursts on the witness stand, it is possible that the jury did not weigh his testimony heavily in its decision.

*Morris* at 1178.  Further, the Mississippi Court of Appeals held that "the statement in closing, although an exaggeration of Miller's testimony, did not amount to plain error.  It is unlikely that the jury was confused or their decision prejudiced by this slip of the tongue.  We find that this misstatement does not warrant reversal." *Id.*

The court held that neither statement involved a fundamental right; there was no plain error, and the issue was without merit.  "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the

-7-

judgement." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The Mississippi Court of Appeals found this issue to be procedurally barred for failure to raise a contemporaneous objection; as such, the issue is not appropriate for federal habeas review. A federal court may not conduct *habeas corpus* review of state cases applying an independent and adequate state procedural rule – unless the petitioner can demonstrate cause and actual prejudice. *Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333(1992)). Morris has, however, shown no prejudice to his legal position. In order for a court to find the cause necessary to excuse such procedural default, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Morris has not shown that an external impediment caused his procedural default; nor has he shown actual prejudice resulting from this bar. Morris thus has not overcome the state procedural bar, and the court may not review the allegations raised in Ground Two. In addition, as rulings of state courts on evidentiary matters are solely issues of state law, the petitioner's claim challenging the state court's ruling on the admissibility of certain evidence under state law is also barred. *Johnson,* 176 F.3d at 820; *Castillo,* 141 F.3d at 222, *Jackson,* 194 F.3d at 656. Therefore, the appellate court's resolution of the claim in Ground Two was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. The petitioner's claims in Ground Two shall be dismissed as procedurally barred.

**Ground Three: Limitations on the Cross-Examination of Annanais Miller**

In Ground Three, Morris complains that he was not permitted to properly cross-examine Miller. The Mississippi Court of Appeals and Supreme Court found no merit to this issue. The record shows that the defense thoroughly and extensively cross-examined Miller including questions concerning his history and the overheard conversation. The Petitioner offers no claim of exactly what possible other testimony could have been brought out in cross-examination. Such "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982) (collecting cases)." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Further, as to this issue, the Mississippi Supreme Court held:

> Morris's counsel was able to ask numerous questions about Miller's motive in giving the statement to the police about Nash's death. Miller stated several times during questioning that he did not receive favorable treatment for testifying. The fact that Morris did not receive the answer that he wanted does not mean that his counsel could continue repetitious questioning until he got a desirable answer. We cannot find where the trial court unduly restricted cross-examination. This issue is without merit.

*Morris* at 1179. "Cross-examination is the principal means by which the believability of a witness and the truth of this testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Although the right of cross-examination is absolute, it is not unrestricted; the scope of such examination may be limited by the trial judge in the exercise of his discretion. *Jackson v. Beto,* 388 F.2d 409 (C.A.Tex. 1968); *Grant v. United States*, 368 F.2d 658 (5th Cir. 1966); *Hendrix v. United States*, 327 F.2d 971 (5th Cir. 1964); *Roberson v. United States*, 249 F.2d 737, 72 A.L.R.2d 434 (5th Cir. 1957), *cert. denied*, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1958). "'That discretionary authority comes about only after sufficient cross examination has been granted to satisfy the Sixth Amendment.' *United States v. Landerman*,

109 F.3d 1053, 1061 (5th Cir.1997) (citing *United States v. Restivo*, 8 F.3d 274 (5th Cir.1993))."
*Wilkerson v. Cain,* 233 F.3d 886 (5th Cir. 2000).

However, unlike the defendant in *Wilkerson*, Morris was given the chance to examine Miller as to his motivations for testifying. The defense questioned Miller extensively in accordance with the Sixth Amendment right to confront witnesses. The appellate court's resolution of the claim in Ground Three was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. As such, it shall be dismissed.

### Ground Four: Cumulative Error

In Ground Four, Morris argues that the cumulative effect of the errors alleged above rendered his trial fundamentally unfair. The Mississippi Court of Appeals and Supreme Court found no merit to this issue. Cumulative error has been recognized as an independent basis for habeas relief, but only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)). Meritless claims and claims that are not prejudicial cannot be cumulated.. *Derden*, 978 F.2d at 1461.

The petitioner's claims in Ground Four are without merit. He has not shown that errors, capable of review, have aggregated to cast doubt upon whether the verdict satisfied due process. Simply put, an accumulation of non-errors does not create an error. As such, the appellate court's resolution of the claim in Ground Four was not contrary to clearly established federal law,

nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. For this reason, the petitioner's claim of cumulative error shall be dismissed.

In sum, the petitioner's claims in Grounds One, Two, Three, and Four of the instant petition shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 7th day of May, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE